UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **TIMOTHY LEJEUNE** | * | **CIVIL ACTION No.:**_____ |
| | * | **JUDGE**_____ |
| **VERSUS** | | |
| | * | **MAGISTRATE**_____ |
| **PRODUCTION SERVICES NETWORK U.S., INC., BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., JOE CATALONI, and CHILL BOATS, L.L.C.** | * * | |

### SUIT UNDER THE JONES ACT, ADMIRALTY AND GENERAL MARITIME LAW

NOW INTO COURT, through undersigned counsel, comes Complainant, TIMOTHY LEJEUNE, a person of the full age of majority, who is domiciled in Tickfaw, Louisiana, who for his Complaint, respectfully avers:

1.

This cause of action arises pursuant to the Jones Act, 46 U.S.C.A. §688, *et seq.,* and the Admiralty and General Maritime Law, 28 U.S.C.A. §1333, *et seq.*

2.

Made Defendants herein are:

a) PRODUCTION SERVICES NETWORK U.S., INC., (hereinafter referred to as "PSN"), a foreign corporation, authorized to do and doing business within the State of Louisiana, and within the Eastern District of Louisiana, and whose Registered Agent for Service of Process is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808;

b)     BP AMERICA, INC., (hereinafter referred to as "BP"), a foreign corporation, authorized to do and doing business within the State of Louisiana, and within the Eastern District of Louisiana, and whose Registered Agent for Service of Process is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808;

c)     BP PRODUCTS NORTH AMERICA, INC., (hereinafter referred to as "BP"), a foreign corporation, authorized to do and doing business within the State of Louisiana, and within the Eastern District of Louisiana, and whose Registered Agent for Service of Process is The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA 70802-6129;

d)     JOE CATALONI, a resident of the full age of majority believed to be residing in Pass Christian, Mississippi; and

e)     CHILL BOATS, L.L.C., (hereinafter referred to as "Chill Boats"), a domestic limited liability company, authorized to do and doing business in the State of Louisiana, and within the Eastern District of Louisiana, and whose Registered Agent for Service of Process are Todd J. Berthelot and Toby C. Berthelot, 6105 Highway 1 South, Brusly, LA 70719.

3.

Defendants, PSN, BP, JOE CATALONI and CHILL BOATS are liable unto Complainants, Timothy Lejeune and Marilyn Lejeune, in the full and true sum in an amount as is reasonable under the premises, and the cost of these proceedings, from the date of judicial demand, for the following reasons, to-wit:

4.

On or about October 4, 2010, your complainant, Timothy Lejeune, was employed by defendant, PSN, as a paramedic, who was assigned to work aboard the decontamination barge, *DECON 1,* with said vessel being located in the navigable waters of the Gulf of Mexico within the State of Louisiana.

5.

On information and belief, the vessel complainant was working on, *DECON 1,* was owned, operated by and under the direct control of defendant, BP, and which was involved in ongoing vessel operations occurring in navigational waters of the Eastern District of Louisiana, as well as throughout the State of Louisiana.

6.

On or about October 4, 2010, your complainant, Timothy Lejeune, was working aboard *DECON 1* as a paramedic, when at approximately 1945 a boat (hereinafter referred to as "Fast Boat"), owned by JOE CATALONI that was contracted out to CHILL BOATS and BP and Captained by Brennon Sheldon, arrived at *DECON 1* with Mr. Lejeune's crew change.

7.

On or about said date, your complainant, Timothy Lejeune, approached the Fast Boat but was waived off by Captain Brennon Sheldon, who indicated that the Fast Boat would not be returning to the docks that night because it was too dark and they did not have the proper lights aboard the Fast Boat and the seas were too rough on the trip to *DECON 1*.

8.

On or about October 4, 2010, your Complainant, Timothy Lejeune, was informed by Fast Boat Captain Brennon Sheldon that the Barge Engineer of *DECON 1,* Brandon Tune, Ordered Captain Brennon Sheldon to make the run, bringing Timothy Lejeune back to the McDermott Dock.  At which time, complainant, at approximately 2105 placed a life jacket on and boarded the Fast Boat, along with First Mate John Paul.

9.

On or about said date, your complainant, Timothy Lejeune, at approximately 2105 after boarding the Fast Boat, positioned himself on the rear seat of the vessel that was not equipped with any type of safety restraints or harness.

10.

On or about said date, Captain Brennon Sheldon elected not to use any lights on the trip back to the McDermott Dock with complainant rather he chose to rely on the radar and other electronic equipment to navigate.

11.

On or about said date, your complainant, Timothy Lejeune, while aboard the Fast Boat that was traveling at approximately 42 RPM when it hit a 4 or 5 foot wake or swell causing the Fast Boat to become airborne with a hard crash down causing Timothy Lejeune to be thrown forward and into the air with Mr. Lejeune landing on his left arm, shoulder and neck on the floor and partially into the center console of the Fast Boat.  Said Fast Boat was owned and operated by defendants, JOHN CATALONI, CHILL BOATS and/or BP, at the time of accident and it constitutes a vessel or identifiable fleet of vessels as required for Jones Act status.

12.

Due to the defendants operational negligence, complainant, Timothy Lejeune, sustained serious injuries to his upper extremities, neck, shoulder and body as a whole, all of which have required surgical intervention, and other medical treatment, as well as mental/emotional injuries, while in the course and scope of his employment with defendant, PSN, and while performing work associated with his duties as a paramedic aboard *DECON 1* which was owned and operated

by defendant, BP, at the time of accident and it constitutes a vessel or identifiable fleet of vessels as required for Jones Act status.

13.

Upon information and belief, your complainant, Timothy Lejeune, is a Jones Act Seaman, as provided for in 46 U.S.C.A. §688, *et seq,* as a result of his presence and employment aboard an identifiable Jones Act vessel, along with his contribution to the mission of that vessel.

14.

Upon information and belief, defendants, PSN, BP, JOE CATALONI and CHILL BOATS, and their respective crews failed to insure that the vessel, work area, and/or equipment was safe, effective, seaworthy, and in proper working manner.

15.

Following the accident at issue, complainant, Timothy Lejeune, reported the accident to his supervisor and employer.

16.

Upon information and belief, complainant, Timothy Lejeune, was a seaman assigned to, *DECON 1,* which at all times was a "traditional maritime vessel" as that term is defined within Admiralty and General Maritime Law by the Federal Fifth Circuit Court of Appeals and United States Supreme Court.

17.

Complainant, Timothy Lejeune, was injured as a result of the operational negligence of the crew of said vessel and/or unseaworthiness of said vessel and its equipment and appurtenances, insofar as the vessel contained a dangerous and unseaworthy condition and/or

was unsafe on or about October 4, 2010.  Said unseaworthiness directly and proximately caused the accident at issue.

18.

Complainant, Timothy Lejeune, was injured due to the vessel's unseaworthiness and/or negligence and/or fault on the part of the defendant, PSN, BP, JOE CATALONI and CHLL BOATS, their principals, agents, crew, servants, employees and/or those for whom they were responsible for at the time of the herein above described accident, in the following non-exclusive particulars:

a) Failure to provide complainant with a reasonably safe place to work;

b) Failure to provide safe transportation to and from *DECON 1* and the dock;

c) Negligence and inattentiveness of the captain/vessel commander aboard the Fast Boat, in the manner and speed in which they traveled from *DECON 1* to the McDermott dock;

d) Failure to properly operate the Fast Boat;

e) Failure to use the proper safety equipment during navigation of the Fast Boat from *DECON 1* to the McDermott dock;

f) Failure to properly position complainant in a safe position;

g) Negligently failing to take precautionary measures while navigating during the night and during rough seas;

h) Failure to provide a safety harness or restraint in the Fast Boat;

i) Failure to provide complainant with a seaworthy vessel;

j) Operational negligence on the part of the captain/master and crew aboard the vessel complainant was on, including the vessel's equipment and appurtenances;

k) Failing to do what they should have done or see what they should have seen in order to avoid the accident; and

l) Any and all other acts of negligence which will be proven at the trial of this matter.

19.

Defendant, PSN, violated its non-delegable duty to provide complainant, Timothy Lejeune, with a seaworthy vessel and/or safe place to work as required by Admiralty and General Maritime Law.

20.

Complainant, Timothy Lejeune, as a result of the accident in question, sustained serious, permanent, crippling and disabling injuries resulting in losses, which include, but are not limited to, the following, to-wit:

a) Past medical expenses;

b) Future medical expenses;

c) Past lost wages;

d) Future loss of earning capacity;

e) Past and future pain and suffering;

f) Past and future mental and emotional distress; and

g) Past and future loss of enjoyment of life.

21.

Plaintiff would show that nothing he did or failed to do on the occasion in question, caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which plaintiff was injured and the injuries which he sustained were proximately caused by the negligence, as that term is understood in law, on the part of Defendants and its' agents, servants, and/or employees who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

22.

Said injuries suffered by complainant, Timothy Lejeune, while in the course and scope of his Jones Act employment with defendant, PSN, entitles him to the payment of maintenance and cure, for injuries while in the service of the vessel.

23.

As a result of the negligence and/or fault of defendant, PSN, complainant, Timothy Lejeune suffered serious physical injuries, and as such, is entitled to damages as are reasonable under the premises, plus interest from the date of judgment and costs from the date of judicial demand.

24.

Complainant, Timothy Lejeune, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h), as he is a Jones Act Seaman, and said claim is brought under the admiralty jurisdiction of this court.

25.

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendant had, and continues to have, a non-delegable duty to provide the Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties continue.  Defendant has denied payment and/or has unreasonably delayed payment for maintenance and cure.  As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that,

as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, attorneys' fees and punitive damages for which he now sues, in addition to all other relief sought.

**WHEREFORE,** complainant, Timothy Lejeune, prays for judgment in his favor, over and against defendants, PRODUCTION SERVICES NETWORK U.S., INC., BP AMERICA, NC., BP PRODUCTS NORTH AMERICA, INC., JOE CATALONI, and/or CHILL BOATS, L.L.C., for monetary damages, both general and special, in amounts as are reasonable under the premises, to be proven at the trial of this matter, plus all costs of these proceedings since judicial demand, and legal interest from the date of judgment and for all other legal and equitable relief as the law may allow.

Respectfully Submitted,

ANDRUS & ANDRUS, L.L.C.

By:     s/Brad Thomas Andrus
       BRAD THOMAS ANDRUS (Bar #26785)
       219 West Brentwood
       Lafayette, LA 70606
       Telephone: 337-988-2100
       Facsimile:  337-988-0003
       Email: bandrus@lawandrus.com

and

DAVIS LAW FIRM, L.L.C.

By:     s/Michael C. Davis
       MICHAEL C. DAVIS (Bar #26255)
       16563 Airline Highway, Ste. B.
       Prairieville, LA 70769
       Telephone:  225-677-7006
       Facsimile:   225-677-7067
       Email:  mdavis@davislawfirm.org

*Attorneys for Complainant, Timothy Lejeune*